BARRY, Judge.
Mr. and Mrs. Arthur Buuck appeal a district court judgment which dismissed their petition for judicial review of the New Orleans Board of Zoning Adjustments’ (Board) denial of a zoning variance. We affirm.
In 1985 the Buucks purchased lots 8, 9, A & B in square 249 of the Third District of Orleans Parish bearing Municipal Nos. 826/836 Piety Street. A single house is on lot 8 and a paved parking area covers the four lots. Lots 8 and 9 are zoned RD-3 (two family-residential district). Lots A and B (A is in front of B and is on Piety Street) are zoned B-l (neighborhood business district).
On April 2, 1985 Mr. Buuck applied for a building permit for 826 Piety Street to build a one story three-car private garage. His plan showed the garage would be located on lots 8 and 9, 21 feet from the rear and 10 feet from lot B on the side.
Mr. Buuck built a garage 18 by 19 feet larger than shown on the plan. Since only 4 feet was left at the rear of the lots, there was a 16 foot 2 inch violation in the rear. The garage was leased by the Times-Picayune as a distribution station, a prohibited commercial. Two additional garages were built in the latter part of 1985 without a permit and were also situated with only a 4 foot setback from the rear property line. The three garages extend across lots 8, 9 and B and have insufficient rear and side yard setback. All of the garages were rented by the Times Picayune.
On March 18, 1986 the Department of Safety and Permits notified Mr. Buuck that he violated the City’s building code by exceeding the scope of his permit for 826 Piety St. and because no permit was issued for the other two garages. On the same day the Chief Building Inspector notified Mr. Buuck of the zoning violation relative to operating the newspaper distribution business in a residential district. The notices warned him to close the newspaper operation and to secure a permit for the additional garages. On March 27,1986 Mr. Buuck was granted a 30 day extension. Subsequent inspections revealed no change and on May 5,1986 the City filed affidavits charging Mr. Buuck with the violations in Municipal Court.
On November 10, 1986 Mr. Buuck filed for a zoning variance. He requested a 16 foot 2 inch waiver in the rear and a 5 foot waiver on the side. The application was not granted, the Board denied his appeal, and the district court upheld the Board.
Mr. Buuck claims the Board’s hearing violated the Administrative Procedure Act and he was not afforded due process of law.
The Administrative Procedure Act, La. R.S. 49:950 et seq., applies to State boards *246 and agencies. Appeals from the Board of Zoning Adjustment decisions are governed by La.R.S. 33:4727. However, this Court has applied the Administrative Procedure Act in zoning cases in order to decide whether a Board decision was “manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record.” La.R.S. 49:964(G)(6). Gertler v. City of New Orleans, 346 So.2d 228 (La.App. 4th Cir.1977), writ denied 349 So.2d 885 (La.1977), cert. denied 434 U.S. 1068, 98 S.Ct. 1248, 55 L.Ed.2d 770 (1978).
A prima facie presumption of validity attaches to the acts of the Board. A reviewing court cannot substitute its own judgment unless there is a showing that the Board was arbitrary and capricious or abused its discretion. Cross v. City of New Orleans, 446 So.2d 1253 (La.App. 4th Cir. 1984, writ denied 449 So.2d 1359 (La.1984).
Mr. Buuck’s first allegations are: the transcript filed in the district court is not signed, authenticated or certified; the transcript is incorrectly dated; and the Board’s resolution for denial (also incorrectly dated) is not mentioned in the transcript. Mr. Buuck claims the transcript does not show a quorum of the Board was present during the hearing.
In order to clarify the alleged record problems, the trial court allowed the testimony of Paul May, Zoning Administrator for the Department of Safety and Permits and technical advisor to the Board. He explained that the transcript and resolution date discrepancy was a typographical error and stated he was at the meeting and had the tape transcribed. The trial judge noted that Mr. Buuck relied on the transcript and may have waived his right to complain.
May testified that the resolution was accurate. The trial court observed that the unanimous Board listed its members’ names on the resolution. Mr. Buuck’s brief admits that the district court “did have before it for review a proper record and transcript” of the hearing.
Mr. Buuck also contends two members of the Board were prejudiced and should have been recused. After reviewing the transcript, the trial court called the argument “specious.” We agree.
Mr. Buuck next argues that the Board should not have considered or noticed the affidavits filed in Municipal Court. We find no direct reference to those charges in the transcript. Those proceedings are part of the public record.
Mr. Buuck complains that the record does not reflect that a quorum attended the hearing, but does not claim that a quorum was not present. Paul May testified that all Board members were present to vote and he believed they were at the entire meeting. Importantly, the names of all members appear on its resolution.
Mr. Buuck claims that the witnesses were not under oath and he had no opportunity to cross-examine. However, in the district court Mr. Buuck only requested that one witness in addition to himself testify if the trial judge felt additional evidence was necessary (which the court did not). Mr. Buuck did not attempt to call any of the witnesses who were heard by the Board.
The trial court noted that Mr. Buuck could have applied for a zoning change. The court correctly reasoned that approval of Mr. Buuck’s zoning variance would condone the intentional violation of his original application.
There is no merit in Mr. Buuck’s claims that he was denied a fair hearing‘by the Board.
The judgment is affirmed.
AFFIRMED.